UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., | * | |
| CAVALLINO CONSULTING, LLC, | * | |
| | * | |
| Plaintiff-Relators, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-11517-IT |
| | * | |
| SMITH AND NEPHEW, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM & ORDER

August 17, 2018

TALWANI, D.J.

Plaintiff-Relator Cavallino Consulting, LLC brings this qui tam action against Defendant

Smith and Nephew, Inc., for alleged violations of the Federal False Claims Act, 31 U.S.C.

§ 3729, *et seq*. Before the court is Defendant's Motion to Dismiss Complaint [#59]. Because

Relator fails to meet the pleading standard of Federal Rule of Civil Procedure 9(b), Defendant's

motion is ALLOWED.

I. Facts Alleged in the Complaint

Relator is a consulting firm that "routinely conducts Transportation Overcharge Recovery

Audits" for health care systems. Compl. ¶ 8 [#1]. Defendant is a supplier of medical equipment

and supplies. Id. ¶ 11. Defendant holds various contracts to provide medical equipment and

supplies to hospitals owned and operated by the federal government, including those operated by

the Department of Veteran's Affairs ("VA"). <u>Id.</u> ¶¶ 12, 15.[1] At least some of these contracts

require the supplier to charge the government the *actual cost* of expedited shipping. <u>Id.</u> ¶¶ 19-20.

Defendant charged the government hospital more than the actual cost as follows:

> Defendants receive substantial discounts on expedited shipping from United
> Parcel Service, Inc. ("UPS") and Federal Express Corporation ("FedEx"), and
> have failed to pass these discounts onto the government. Specifically, Smith
> received discounts ranging from 35% to 65% on its expedited shipping rates that
> it has failed to pass on to the Government Hospitals.

<u>Id.</u> ¶ 21.

Relator alleges that the allegations in the Complaint are "based upon knowledge and

information gained through [Relator's] extensive experience advising hospitals in organizational

improvements operational efficiency and strategy development," and that its investigations

"spanning the last decade repeatedly revealed that Smith" used the alleged scheme to overcharge

for expedited shipping. <u>Id.</u> ¶ 10.

II. <u>Standard</u>

In reviewing a motion to dismiss, the court "accept[s] as true all well-pleaded facts,

analyzing those facts in the light most hospitable to the plaintiff's theory, and drawing all

reasonable inferences for the plaintiff." <u>United States ex. rel. Kelly v. Novartis Pharm. Corp.</u>,

827 F.3d 5, 11 (1st Cir. 2016) (quoting <u>United States ex rel. Hutcheson v. Blackstone Med. Inc.</u>,

647 F.3d 377, 383 (1st Cir. 2011)). But, in order to survive a motion to dismiss when "alleging

fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." Fed. R. Civ. P. 9(b).

Rule 9(b) requires both that the circumstances of the alleged fraud and the claims

themselves be alleged with particularity." <u>Lawton ex rel. United States v. Takeda Pharm. Co.</u>,

---

[1] One such contract is attached as an exhibit to the Complaint. Compl. 14–97 [#1].

Ltd., 842 F.3d 125, 130 (1st Cir. 2016). General allegations will not suffice. See United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 731–32 (1st Cir. 2007), overruled on other grounds by Allison Engine v. United States ex rel. Sanders, 553 U.S. 662, 128 S. Ct. 2123 (2008).

The First Circuit has provided a non-exhaustive list of the types of information that contribute to the particularity of allegations. This information includes:

> the dates of the claims, the contents of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices.

United States ex rel. Karvales v. Melrose-Wakefield Hosp., 360 F.3d 220, 232 (1st Cir. 2004), abrogated on other grounds by Allison Engine Co. v. United States ex rel. Sanders, 553 U.S. 662, 128 S. Ct. 2123 (2008).

III. Discussion

The relator alleges that by making claims to government hospitals for payment for expedited delivery of medical equipment and supplies without passing that discount or rebate on the government, Defendant has overcharged those hospitals and thereby made false claims for payment. Compl. ¶¶ 2, 19-20 [#1]. Defendant argues that Relator's Complaint does not meet the minimum threshold of specificity required under Federal Rule of Civil Procedure 9(b). Def.'s Mem. 3 [#60]. Defendant notes that "Relator fails to identify a single sale or associated shipping charge (expedited or otherwise) made under that contract [attached to Relator's Complaint], or any other contract, to any VA hospital anywhere in the country." Id. at 4.

The court agrees. Although the Complaint alleges that the fraudulent conduct has occurred "from at least 2008 to the present," Compl. ¶ 2 [#1], the Complaint does not identify any specific orders that a government hospital placed with Defendant for equipment or supplies,

a single government hospital to which any equipment or supplies were shipped, or any specific claims submitted to the government hospitals for payment under any contract. Thus, the Complaint fails to plead the alleged fraudulent claims with any particularity at all.

Relator responds that the First Circuit "'allows some flexibility in construing the fraud allegations of FCA complaints.'" Opp'n 4 [#64] (quoting U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 46 (1st Cir. 2009)).  But, the cases upon which Relator relies, U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40 (1st Cir. 2009); Rost, 507 F.3d 720; and Karvelas, 360 F.3d 220, do not support Relator's position. Rather, all three affirm that the fraud itself must be pled with particularity, and the complaint must connect the fraud alleged to an effort to get false claims paid or approved by the government, including some details on the alleged fraudulent submissions to the government. Gagne, 565 F.3d at 46; see also Rost, 507 F.3d at 732 (citing Karvales, 360 F.3d at 233–35); Karvales, 360 F.3d at 232-33. While Relator is correct that each of these cases discuss "some flexibility in construing the fraud allegations of FCA complaints," all three cases ultimately found the respective complaint insufficient. Gagne, 565 F.3d at 46; see also Rost, 507 F.3d at 731–32; Karvales, 360 F.3d at 229–30. In short, the cases on which Relator relies support Defendant's position that the Complaint in this case is deficient.

Although this circuit's precedent acknowledges that a relator need not state every detail when alleging a violation of the False Claims Act, "some of this information for at least some of the claims must be pleaded in order to satisfy Rule 9(b)." Karvales, 360 F.3d at 232–33 (quoting United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1312 n.21 (11th Cir.

2002)). Relator's Complaint in this case fails to make any showing sufficient to pass muster under Rule 9(b) as to any claim, and thus cannot survive Defendant's motion to dismiss.[2]

IV. <u>Leave to Amend</u>

Relator included in its Opposition a request that the Court grant it leave to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2) if the motion to dismiss is granted. Opp'n 11 [#64]. Rule 15(a)(2) provides that "[t]he Court should freely give leave when justice so requires" and, as Relator correctly notes, "reflects 'a liberal amendment policy.'" <u>Id.</u> (quoting <u>O'Connell v. Hyatt Hotels of P.R.</u>, 357 F.3d 152, 154 (1st Cir. 2004)). "But a judge may deny leave if amending the pleading would be futile"; that is, the amendment would not cure the defect of the original pleadings. <u>HSBC Realty Credit Corp. (USA) v. O'Neill</u>, 745 F.3d 564, 578 (1st Cir. 2014).

Relator's request for leave to amend included no details as to what facts would be included if leave were granted. At the hearing on the Motion to Dismiss, Relator's counsel conceded that, without taking discovery, Relator did not have any additional facts for an amended complaint.[3] As Relator has made no showing that it may be able to supplement its Complaint with allegations sufficient to meet Rule 9(b)'s particularity requirement, granting leave to amend would be a futile exercise. Therefore, Relator's request for leave to amend is DENIED.

---

[2] Defendant also argues that "Relator's allegations do not even rise to the level of plausibility," and therefore must be dismissed for failing to state a claim upon which relief can be granted under Rule 12(b)(6). Def.'s Mem. 12-13 [#60]. Because Relator's Complaint fails to meet the requirements of Rule 9(b), the court need not reach Defendant's second argument.

[3] "A qui tam relator may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery." <u>Karvales</u>, 360 F.3d at 232.

V. <u>Conclusion</u>

For the foregoing reasons, Defendant's <u>Motion to Dismiss Complaint</u> [#59] is

ALLOWED.

IT IS SO ORDERED.

Date: August 17, 2018                                        /s/ Indira Talwani
                                                            United States District Judge